UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ANTHONY T. NUGENT**,

        Petitioner,

    v.

**UNITED STATES OF AMERICA**,

        Respondent.

**Case No. 1:91-CR-020-TFH-1**

## MEMORANDUM OPINION

Pending before the Court is petitioner Anthony Nugent's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. [ECF No. 34]. Mr. Nugent challenges his mandatory, life-without-parole sentence under *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). The government has opposed the motion [ECF No. 39], and the petitioner has replied [ECF No. 40] and filed a number of supplements [ECF Nos. 41, 42, 44-45].

Mr. Nugent and twenty-three others were charged in a 115-count indictment on October 23, 1991 with participating in a drug distribution ring known as the "R Street Crew." *United States v. Williams-Davis,* 90 F.3d 490, 494 (D.C. Cir. 1996). The conspiracy ran from "in or about May 1983" and continued "up to and including March 26, 1991." Opp'n Ex. B at 7; Judgment, June 1, 1993, 91-cr-559-02 [ECF No. 2238-2]. After a lengthy trial, Mr. Nugent was convicted, amongst a number of other charges, of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a).

Mr. Nugent argues that because he was 17 when he became involved in the conspiracy, his mandatory-life-without parole sentence is now unconstitutional under *Miller v. Alabama*,

1

567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). Mot. at 2. *See Miller*, 567 U.S. at 465 (holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eight Amendment's prohibition on 'cruel and unusual punishments'"); *Montgomery*, 136 S. Ct. at 726 (holding that the Supreme Court's decision in *Miller* announced a substantive rule of constitutional law and thus applied retroactively). The government contends that Mr. Nugent's motion should be denied because it was not filed within a year of the Supreme Court's decision in *Miller*. Opp'n at 5. In the alternative, the government asserts that *Miller* does not apply to Mr. Nugent because he was not a juvenile when he committed his crimes. Opp'n at 7.

## Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may "move the court which imposed the sentence to vacate, set aside or correct [a]sentence" on a number of grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If a court finds that that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," the Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. at § 2255(b).

The statute includes a "1-year period of limitation," which, relevant to this case, runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*. at § 2255(f)(3). The "date from which the limitations period begins to run" under this section is the date the Supreme Court "initially recognized" the right associated with the motion, not the date the right is "made retroactive." *Dodd v. United States*,

545 U.S 353, 354-55 (2005).

## Analysis

The petitioner filed his motion for leave to file a second or successive § 2255 motion in the D.C. Circuit on December 2, 2016, less than a year after the Supreme Court decided *Montgomery v. Louisiana*. 136 S. Ct. 718. But the limitations period under § 2255(f)(3) runs from the date the Supreme Court recognizes a new right, as it did in *Miller*, not from the date the Supreme Court decides a right is retroactive, as it did in *Montgomery*. *Dodd*, 545 U.S. at 354-55. Therefore, because the Supreme Court decided *Miller* on June 25, 2012, and Mr. Nugent filed his motion nearly four years later, he filed his motion outside of the one-year limitation period, and it is thus untimely.

The petitioner argues that the government waived the timeliness argument by failing to raise it with the D.C. Circuit. Reply at 1-2. However, in deciding whether to allow petitioners to file a second or successive § 2255 motion, the D.C. Circuit only determines whether a petitioner makes a "prima facie showing that [their petition] contains a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable." *In re Williams*, 759 F.3d 66, 68 (D.C. Cir. 2014). In authorizing the petitioner's motion, the D.C. Circuit "express[ed] no opinion as to the timeliness of [the] petitioner's motion." *In re: Anthony T. Nugent*, No. 16-3118 (D.C. Cir. Apr. 10, 2017) [ECF No. 2246]. Because the D.C. Circuit does not consider timeliness when considering whether to allow petitioners to file a second or successive § 2255 motion, the government did not waive the argument.

Even if the petitioner's motion were timely, however, the defendant is not eligible for relief under *Miller* and *Montgomery* because he was not "under the age of 18" when he committed the crimes for which he was convicted. *Miller*, 567 U.S. at 465. The indictment

charged the defendant with his involvement in a conspiracy that began "in or about May, 1983," approximately one month after his eighteenth birthday. Mot. at 2; Opp'n Ex. B at 7; Judgment, June 1, 1993, 91-cr-559-02 [ECF No. 2238-2]. For the foregoing reasons, the defendant's motion will be denied. An appropriate order accompanies this opinion.

December 30, 2020

                              Thomas F. Hogan
                              SENIOR UNITED STATES DISTRICT JUDGE